UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PETER ELLIOTT AND MISTY ELLIOTT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>    *Plaintiffs*,<br><br>    *vs.*<br><br>CAVALRY INVESTMENTS, LLC AND CAVALRY PORTFOLIO SERVICES, LLC,<br>    *Defendants*. | No. 1:14-cv-01066-JMS-TAB |

## ORDER

Plaintiffs Peter Elliott and Misty Elliott (the "Elliotts") bring this suit individually and on behalf of a purported class of others similarly situated under the Fair Debt Collections Practices Act ("FDCPA") against Defendants Cavalry Investments, LLC and Cavalry Portfolio Services, LLC (collectively, "Cavalry"). The Elliotts filed for Chapter 13 bankruptcy, and Cavalry filed proofs of claim against the Elliotts in their Chapter 13 proceeding regarding time-barred debts—that is, debts for which the statute of limitations had run. The Elliotts objected to Cavalry's time-barred proofs of claim, and the Bankruptcy Court sustained the Elliotts' objections. The Elliotts then filed this suit, alleging that Cavalry violated the FDCPA by filing proofs of claim on time-barred debts. Presently pending before the Court is Cavalry's Motion to Dismiss the Elliotts' FDCPA claim, in which Cavalry argues that filing proofs of claim on time-barred debts does not violate the FDCPA. [Filing No. 20.] For the reasons that follow, the Court **DENIES** Cavalry's Motion to Dismiss.

# I.
## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

# II.
## BACKGROUND

The Elliotts' Complaint asserts the following:

The Elliotts experienced financial difficulties in 2003, which forced them to stop paying their debts, including debts allegedly owed for phone services. [Filing No. 1 at 3.] At least some of their phone-service debts were transferred or sold to Cavalry. [Filing No. 1 at 3.]

In 2013 the Elliotts filed a Chapter 13 bankruptcy petition in the Southern District of Indiana. [*See* Filing No. 1 at 3; *In re Elliott*, No. 13-06875-JMC-13.] Cavalry filed two proofs of

claim in the bankruptcy proceeding for debts they acquired for the Elliotts' unpaid phone services. [Filing No. 1 at 3.] Claim No. 9-1 for $423.70 was filed regarding an AT&T account owed by Ms. Elliott. [Filing No. 1 at 3; *see* Filing No. 1-3 at 1-5.] Claim No. 10-1 for $258.97 was filed regarding a Sprint account owed by Mr. Elliott. [Filing No. 1 at 3; *see* Filing No. 1-3 at 6-10.] The statute of limitations in Indiana for collecting delinquent debts is six years from the date of the last activity. *See* Ind. Code § 34-11-2-9. The parties do not dispute that the proofs of claim related to time-barred debts. [Filing No. 1 at 3.]

The Elliotts were represented by counsel during their bankruptcy proceeding. [Filing No. 1-4; *see In re Elliott*, No. 13-06875-JMC-13, Dkt. 1 at 3.] Their counsel objected to the two proofs of claim as time-barred. [Filing No. 1 at 3; Filing No. 1-4.] The Bankruptcy Court sustained the Elliotts' objections. [Filing No. 1 at 4; Filing No. 1-5.] The Elliotts then filed this suit, alleging that Cavalry violated the FDCPA by filing proofs of claims for debts that were time-barred. [Filing No. 1 at 4.]

## III.
### DISCUSSION

The question presented by the parties in this Motion to Dismiss is straightforward: can filing a proof of claim in a Chapter 13 bankruptcy proceeding for a time-barred debt violate the FDCPA? Courts across the country have taken various positions on this and related questions, but the Seventh Circuit has not decided the issue. Given the Elliotts' allegations and the arguments presented by the parties, the Court cannot say as a matter of law that the Elliotts' Complaint fails to state a claim. Nor is the Court finding that the allegations categorically establish an FDCPA violation. The Court notes the limited extent of its ruling so that the decision is not read too broadly. The parties have failed to raise or adequately address several issues which may impact the disposition of the case.

Cavalry presents several arguments as to why the filing of a proof of claim on a time-barred debt cannot violate the FDCPA. [Filing No. 21.] First, Cavalry argues that the filing of a proof of claim is not debt collection and thus does not fall within the FDCPA. [Filing No. 21 at 2-9 (citing *Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010)).] Second, Cavalry contends that the FDCPA does not apply because the proofs of claims are not communications or attempts to collect debts from a natural person—that is, one covered by the FDCPA—but rather from the debtor's estate. [Filing No. 21 at 9-10.] Finally, Cavalry argues that the Seventh Circuit authority on point is distinguishable, and that the Court should not follow other courts that have disagreed with Cavalry's position. [Filing No. 21 at 10-13.]

The Elliotts respond that Seventh Circuit law is clear that attempts to collect time-barred debts violate the FDCPA, and that the filing of a proof of claim for a time-barred debt constitutes an attempt to collect a debt. [Filing No. 26 at 4-9 (citing *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014)).] Relatedly, the Elliotts maintain that there is no difference between attempting to collect on a stale debt through state-court litigation and doing so by filing a proof of claim; since the former can violate the FDCPA, say the Elliotts, the latter must as well. [Filing No. 26 at 9.] The Elliotts also point out that the Seventh Circuit has held that the FDCPA and the Bankruptcy Code are compatible, thus actions taken in a bankruptcy proceeding can violate the FDCPA. [Filing No. 26 at 9-13 (citing *Randolph v. IMBS*, 368 F.3d 726 (7th Cir. 2004)).]

Cavalry replies that the authorities on which the Elliotts primarily rely do not address the factual scenario here—*i.e.*, that Defendants filed a proof of claim in a bankruptcy proceeding rather than a communication directly with the Elliotts. [Filing No. 29 at 2-7.] Second, Cavalry maintains

that *Randolph* did not address the issue raised in this case, making the Elliotts' reliance on it misplaced. [Filing No. 29 at 7-9.]

The Court will begin its analysis by setting forth the basic principles of FDCPA law and detailing the cases on which the parties' primarily rely. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *see Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343 (7th Cir. 1997) ("[The FDCPA] was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life."). Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA sets forth non-exhaustive examples of conduct that violates this prohibition, such as "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), and "[t]he false representation of the character, amount, or legal status of any debt," *id.* § 1692e(2)(A). "The courts have ruled that the [FDCPA] is intended for the protection of unsophisticated consumers . . . , so that in deciding whether for example a representation made in a dunning letter is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007).

The Seventh Circuit has not addressed the specific issue raised in this case, and the parties dispute the relevance of the Seventh Circuit's decision in *Phillips* and the Eleventh Circuit's reliance on *Phillips* in resolving the same issue raised in the instant case. In *Phillips*, the Seventh Circuit held that the initiation of a state-court action to collect a time-barred debt violates the FDCPA. *See* 736 F.3d at 1079. In so holding, the Seventh Circuit quoted an Alabama district court's discussion of the policy behind finding such violation as follows:

> "As with any defendant sued on a stale claim, the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt. Indeed, the unfairness of such conduct is particularly clear in the consumer context where courts have imposed a heightened standard of care—that sufficient to protect the least sophisticated consumer. Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits. And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today."

*Id.* (quoting *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987)).

The Seventh Circuit later explained its holding in *Phillips* by noting that the FDCPA "specifically prohibits the false representation of the character or legal status of any debt," *see McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (citing 15 U.S.C. § 1692e(2)(A)), and this prohibition is violated when a debt collector "misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable," *id.* However, the Seventh Circuit clarified that it

> did not hold that it is automatically improper for a debt collector to seek re-payment of time-barred debts; some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished. But, as we held in *Phillips*, . . . if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation . . . , the collector has violated the FDCPA.

*Id*.

Although the Seventh Circuit has not directly addressed the issue in the instant case, the Eleventh Circuit recently did in *Crawford*. The Eleventh Circuit, applying the unsophisticated-consumer standard, relied heavily on the Seventh Circuit's decision in *Phillips* to reason that if it violates the FDCPA to file a state-court action to collect a time-barred debt, it equally violates the

FDCPA to file a proof of claim regarding a time-barred debt. *See Crawford*, 758 F.3d at 1259-61. The Eleventh Circuit reasoned that, "[s]imilar to the filing of a stale lawsuit, a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt. The 'least sophisticated' Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim." *Id.* at 1261. Notably, the Chief Judge of this District recently found *Crawford* persuasive in holding that "the FDCPA can apply to time-barred proofs of claim." *Patrick v. Pyod, LLC*, --- F.Supp.2d ----, 2014 WL 4100414, *2-3 (S.D. Ind. 2014) ("By filing a proof of claim, the creditor creates the misleading impression to the debtor that the debt collector can legally enforce the debt. The least sophisticated consumer would be unaware that such a claim is time-barred and thus unenforceable.").

The core disagreement between the parties is whether the relevant Seventh Circuit law unequivocally resolves the issue raised in this case. The holding in *Phillips* is quite broad: the mere filing of a suit by a creditor to collect a time-barred debt violates the FDCPA. *See Phillips*, 736 F.3d at 1079 ("[Plaintiff] . . . charges that [the defendant] sued her after the statute of limitations on the creditor's claim had run. If this is true, [the defendant's] suit violated the Fair Debt Collection Practices Act."). As detailed above, *Crawford* and *Patrick* reasoned that, just as the filing of a lawsuit on a time-barred debt could mislead an unsophisticated debtor that the debt was not time-barred, the filing of a proof of claim could create the same misleading impression and thus violate the FDCPA. This reasoning is not without force; if a state court suit regarding a time-barred debt could mislead a consumer, a proof of claim in a Chapter 13 bankruptcy proceeding could do so as well.[1] Given this, the Court concludes that it would be imprudent to dismiss the

---

[1] The Court notes that the parties discuss *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), at some length. But *Randolph* has little impact on the issue raised in this case, as *Randolph* stands

Elliotts' claim at this early stage in the litigation. However, the Court will not definitively side with *Crawford* and *Patrick* either, given the parties' failure to address key differences in the scenario presented in this case and that in *Phillips*. The Court will briefly set forth three of these potential concerns below, in the hopes that these issues will be developed and addressed during the course of this litigation.

First, much of the reasoning supporting the Seventh Circuit's decision in *Phillips* is inapplicable to the factual situation presented in this case, yet the parties do not address these differences. When consumers receive a summons regarding a state court suit over a time-barred debt, the creditors are initiating legal action against the consumer. But consumers, such as the Elliotts, themselves file for Chapter 13 bankruptcy. Thus, in *Phillips* the creditor initiates the legal proceeding, while in this case, the Elliotts did so.

Once a consumer files for Chapter 13 bankruptcy, a trustee is appointed. *See* 11 U.S.C. § 1302(a). Among other things, the "trustee *shall* . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5); *see In re CMGT, Inc.*, 458 B.R. 473, 489 (N.D. Ill. 2011) ("Under 11 U.S.C. § 704(a)(5), a trustee's duties include examining proofs of claim and objecting to the allowance of any claim that is improper."). One such objection is that the "claim is unenforceable against the debtor," 11 U.S.C. §

---

for the simple proposition that both the Bankruptcy Code and the FDCPA can be enforced; the Bankruptcy Code and the FDCPA are "overlapping and not entirely congruent remedies systems" that can "coexist," therefore "any debt collector can comply with both simultaneously." *Id.* at 730-31; *see Patrick*, 2014 WL 4100414, at *2 (noting that "*Randolph* recognized that the FDCPA and the Bankruptcy Code overlap in their coverage of certain activities, but that overlap does not preclude the application of either statute"). As explained by another District Court, *Randolph* does not bear on the issue presented in this case because "the question is not whether the FDCPA and the Bankruptcy Code can co-exist in a vacuum; rather, the question is whether filing a proof of claim on a prescribed debt . . . can potentially constitute a violation of the FDCPA." *B-Real, LLC v. Rogers*, 405 B.R. 428, 431-32 (M.D. La. 2009).

502(b)(1), which includes an objection that the debt is time-barred under governing state law, *see In re Hood*, 449 Fed. Appx. 507, 510 (7th Cir. 2011). Therefore, if a creditor files a proof of claim on a time-barred debt, the court-appointed trustee has a statutory obligation to object to that proof of claim as unenforceable pursuant to § 502(b)(1). *See Crawford*, 758 F.3d at 1259 n.5 (noting that the trustee in a Chapter 13 proceeding has a "statutory duty to object to improper claims"). Not only does the trustee provide a safeguard for the debtor—a safeguard not present in a state court suit to collect a time-barred debt—but in this case, the Elliotts were represented by counsel during their bankruptcy proceeding who could similarly safeguard them against any misleading impression a proof of claim regarding a time-barred debt could cause.

These differences cast doubt on the applicability of *Phillips* to the filing of a proof of claim in a Chapter 13 proceeding under the facts presented here. The Seventh Circuit in *Phillips* held that a state court suit to collect a time-barred debt is misleading to unsophisticated consumers because few "would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, [and thus they] would unwittingly acquiesce to such lawsuits. And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today." *Phillips*, 736 F.3d at 1079. The Seventh Circuit was clearly concerned that an unrepresented consumer may "unwittingly acquiesce" to a demand or "give in" rather than subject themselves to legal proceedings. *Id.* But these concerns are not as pressing in a Chapter 13 proceeding, or at least less forceful under the facts here, where (1) debtors subjected themselves to the judicial process by initiating the bankruptcy proceeding; (2) the trustee has a statutory obligation to assert a statute of limitations defense on any time-barred proof of claim;

and (3) the debtor is represented by counsel who can explain to the debtor that the proof of claim is for a time-barred debt and that the debtor has a strong objection to such a claim.²

Second and relatedly, the parties fail to address how the fact that the statute of limitations is an affirmative defense affects the Court's analysis in the context of a Chapter 13 proceeding—a fact not addressed at length in *Phillips*. Under the Bankruptcy Code, a proof of claim is "deemed allowed" unless a party objects to it. 11 U.S.C. § 502(a). As stated above, one such objection is that a claim is "unenforceable against the debtor," 11 U.S.C. § 502(b)(1), because the debt is time-barred under governing state law, *see In re Hood*, 449 Fed. Appx. at 510. However, time-barred debts still exist, even if they are unenforceable under state law. *See Martin v. Brown*, 716 N.E.2d 1030, 1034 (Ind. App. 1999) ("[A] debt that is barred by the statute of limitations is not extinguished; it is simply unenforceable at law.") (citation and quotation marks omitted); *see also McMahon*, 744 F.3d at 1020 (noting that it is not "automatically improper for a debt collector to seek re-payment of time-barred debts[ because] some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished"). The Bankruptcy Code itself contemplates that a debtor may object to such unenforceable proofs of claim, 11 U.S.C. § 502(b)(1), but just as is the case in state court, this objection must be raised or the proof of claim will be "deemed allowed," 11 U.S.C. § 502(a); *see Weist v. Dawn*, 2 N.E.3d 65, 69 (Ind. App. 2014) ("[S]tatutes of limitations are affirmative defenses that must be pled and proven and can be waived."); *see also Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007) ("[T]he statute of limitations is just another affirmative defense, which the parties can waive."). The fact that the

---

² If these factors distinguish *Phillips*, they would also cast doubt on the Eleventh Circuit's reliance on *Phillips*. In *Crawford*, the Eleventh Circuit concluded that the concerns expressed in *Phillips* regarding the filing of a state court suit to collect a stale debt equally apply in the bankruptcy context. *See Crawford*, 758 F.3d at 1261. But as explained above, these concerns are not present, or at least are less persuasive, in the Chapter 13 context.

statute of limitations is an affirmative defense that can be waived could have ramifications for determining whether the filing of a proof of claim on a time-barred debt violates the FDCPA. For example, the parties do not develop arguments as to whether the filing of a proof of claim is a representation that a debt is legally enforceable or, instead, is a claim regarding a debt that has not been extinguished that the creditor still intends to collect should the debtor—for whatever reason— fail to raise the statute of limitations as a defense. After all, in Indiana the legal status of a time-barred debt is that it is "unenforceable," but not "extinguished." *Martin*, 716 N.E.2d at 1034. While an unsophisticated consumer might not be aware of this distinction or that they can raise the statute of limitations as a defense, this may not be the case for the consumer's counsel. These are all issues to be developed further in the litigation.

Third, and related to the first two concerns, the parties discuss the issue in this case only categorically—that is, they only discuss whether the filing of a proof of claim on a time-barred debt violates or does not violate the FDCPA in all instances. As alluded to above, they do not address whether facts specific to this case impact the Court's analysis. For example, the Elliotts were represented by counsel when the proofs of claim were filed in the Chapter 13 proceeding. [Filing No. 1-4; *see In re Elliott*, No. 13-06875-JMC-13, Dkt. 1 at 3]. This arguably impacts the Court's FDCPA analysis. *Cf. Evory*, 505 F.3d at 774-75 ("[A] representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer

debt law, should not be actionable [under the FDCPA]."").[3]  However, the parties do not develop arguments regarding this question.

In sum, there is persuasive authority that the Elliotts' FDCPA claim predicated on the filing of a proof of claim regarding a time-barred debt can proceed.  *See Crawford*, 758 F.3d at 1261; *Patrick*, 2014 WL 4100414, at *2-3.  However, the Court is not holding that as a matter of law the Elliotts have a cognizable FDCPA claim.  Given the unanswered questions the Court outlined above that the parties failed to develop, the Court finds that the most prudent course is to deny Cavalry's Motion to Dismiss at this time so that the parties may address these arguments as the litigation develops.

## IV.
### CONCLUSION

For the reasons explained, Cavalry's Motion to Dismiss is **DENIED**.  [Filing No. 20.]

January 9, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

---

[3] The Court recognizes that Cavalry, relying on *Evory*, takes the position that the FDCPA does not apply because the proofs of claim are directed to the bankruptcy court and the trustee, who are lawyers.  [Filing No. 21 at 8; Filing No. 29 at 9.]  But even the authority on which Cavalry relies undermines their argument, as it states that "[t]he purpose of the proof of claim is to alert the court, trustee, and other creditors, *as well as the debtor*, to claims against the estate."  *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 734 (7th Cir. 1991) (emphasis added) (citation and quotation marks omitted).  In any event, Cavalry does not address the fact that the Elliotts were represented by counsel when the proofs of claim were filed.